IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LIQUITECH, Inc., an Illinois corporation | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. |
| ENRICH PRODUCTS, INC., a Pennsylvania corporation | ) ) ) ) | |
| Defendant. | ) ) | JURY DEMANDED |

## COMPLAINT

Plaintiff LiquiTech, Inc. ("LiquiTech"), for its Complaint against Enrich Products, Inc. ("EPI") complains as follows:

## THE PARTIES

1. LiquiTech is an Illinois corporation with a principal place of business located within this judicial district at 421 Eisenhower Lane S Lombard, Illinois 60148.

2. EPI is a Pennsylvania corporation with a principal place of business located at 919 Penn Avenue, Pittsburgh, Pennsylvania 15221.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 1338(a), 1338(b), and 15 U.S.C. § 1121, because it involves substantial claims arising under the Lanham Act, 15 U.S.C. § 1051 et seq., and has subject matter jurisdiction over the state law claims under 28 U.S.C. §§ 1338(b), since those claims are joined with substantial and related claims under federal law.

4. Venue properly lies within the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) and (c) as these causes of action, arise as a result of Defendant doing and transacting business within this district, by unlawfully offering to sell and/or selling its products and services using Plaintiff's trademark within this district, by unlawfully promoting its products and services using Plaintiff's trademark to prospective purchasers within this district, and/or by unlawfully marketing its products and services using Plaintiff's trademark to prospective purchasers within this district.

5. This Court has personal jurisdiction over Defendant because it provides services, and has, at least, attempted to sell products unlawfully using Plaintiff's trademark to customers in the State of Illinois and this Judicial District.

## NATURE OF ACTION

6. LiquiTech bring this action against Defendant for the infringement of one or more federally registered trademarks in violation of 15 U.S.C. § 1114(1); for unfair competition arising out of the use of false designations of origin and false and misleading descriptions and representations in violation of 15 U.S.C. § 1125(a); for statutory deceptive trade practices in violation of 815 ILCS 510/1 et seq.; for statutory consumer fraud and deceptive business practices in violation of 815 ILCS 505/1; and for unfair competition in violation of the common law of the State of Illinois.

## FACTS

7. LiquiTech provides environmentally sustainable solutions, including, but not limited to liquid purification systems to ensure that hospitals, hotels, and other facilities have dependably clean, safe water systems by testing for and eliminating Legionella outbreaks. Specifically, LiquiTech sells and services its well-known copper silver ionization system.

8. In 2001, LiquiTech adopted, and shortly thereafter began using its LIQUITECH Mark in commerce.

9. LiquiTech has invested substantial time, effort and expense in advertising and promoting its services and products provided under the LIQUITECH Mark throughout the United States. As a result, the LIQUITECH Mark is an extremely valuable asset that belongs solely and exclusively to LiquiTech to be used with its services and products relating to liquid purification systems. Each year, LiquiTech generates significant revenues from services and products relating to liquid purification systems provided in the United States, in association with its LIQUITECH Mark.

10. LiquiTech's widespread, consistent and continuous use of its mark has led LiquiTech to acquire substantial distinctiveness and goodwill in the marketplace. As a result, LiquiTech enjoys the exclusive right to use of the LIQUITECH Mark in the United States in connection with the liquid purification system services and products provided by LiquiTech as well as other related commercial and industrial water system products and services.

11. LiquiTech has obtained multiple federal trademark registrations covering the LIQUITECH Mark. Specifically, LiquiTech owns the following federal trademark registrations:

| **Trademark** | **Reg. No.** | **Covered Goods and Services** |
|---|---|---|
| LIQUITECH | 2,856,699 | Class 042: Monitoring services, namely, remote monitoring of consumer, commercial and industrial water systems. |
| LIQUITECH | 2,770,308 | Class 011: Liquid purification units, namely water purification systems |
| LIQUITECH | 2,772,613 | Class 010: Liquid purification systems, namely water purification systems for use in medical centers. |

Copies of the certificates of registration for these marks issued by the United States Patent and Trademark Office are attached as Exhibit A.

12. Each of these trademark registrations have received a Notice of Acceptance under Section 8 of the Trademark Act, 15 U.S.C. § 1058(a)(1) and Section 15 of the Trademark Act, 15 U.S.C. § 1065. *See* Exhibit B. As such, LiquiTech's rights to the trademark "LIQUITECH" in the above identified International Classes were deemed "Incontestable" under Section 15 of the Trademark Act, 15 U.S.C. § 1065..

13. EPI also offers Legionella control products and services. Specifically, EPI offers copper silver ionization products for Legionella control, and maintenance and monitoring services associated with those products for health care, industrial and business sites, and hotels.

14. Sometime in or before November 2015, EPI began advertising on the Internet, at least through Google, using the LIQUITECH Mark in text advertising. A copy of a text advertisement served on behalf of EPI via Google using the LIQUITECH Mark to direct customers to EPI's website is attached as Exhibit C.

15. EPI offers services and products that are nearly identical to the services and products offered by LiquiTech in association with the LIQUITECH Mark.

16. Due to past interactions between the companies in the market, EPI was aware prior to the actions complained of in this Complaint of the significant goodwill represented and symbolized by the LIQUITECH Mark and of the public recognition and reliance placed upon the LIQUITECH Mark as identifying the services and products of LiquiTech, and as distinguishing LiquiTech's services and products from those of others in the industry.

17. Despite such knowledge, EPI has intentionally encroached upon the LIQUITECH Mark by using that Mark in its online advertising, and by offering for sale and selling products and services through this online advertising, with the intent to benefit from the goodwill associated with the LIQUITECH Mark, and to confuse and mislead the public into believing that EPI's products and services originate or emanate from or are affiliated with LiquiTech, and/or that they have been sponsored or approved by LiquiTech, as will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

18. EPI's use of the LIQUITECH Mark is likely to create confusion in the marketplace among purchasers and prospective purchasers of LiquiTech's services and products.

19. LiquiTech has been damaged and is likely to be further damaged by EPI's wrongful use of the LIQUITECH Mark, in that the relevant purchasing public has been and is likely to continue to be induced into purchasing Defendant's products and services in the erroneous belief that those products and services originate or emanate from or are somehow endorsed, sponsored, or approved by LiquiTech, which they are not.

## CLAIMS FOR RELIEF

### COUNT I
### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §1114(1))

20. LiquiTech incorporates by reference paragraphs 1 through 19 of this Complaint.

21. LiquiTech's federally registered LIQUITECH Mark is inherently distinctive, and has continued to acquire substantial distinctiveness and goodwill in the marketplace through LiquiTech's use of that mark in commerce. The LIQUITECH Mark has become associated in the minds of the relevant purchasing public with LiquiTech because of LiquiTech's widespread and continuous use of the LIQUITECH Mark.

22. Defendant has used the LIQUITECH Mark in association with copper silver ionization products and related services. This is identical to how Liquitech uses the LIQUITECH Mark.

23. Defendant's use of the LIQUITECH Mark has caused, and is likely to continue to cause, confusion in the minds of the consuming public, which will lead to the public to falsely believe that Defendant's products and services emanate or originate from LiquiTech and/or that LiquiTech has approved, sponsored or otherwise associated itself with Defendant.

24. Defendant's use of the LIQUITECH Mark has exploited, and is intended to exploit the goodwill and reputation associated with the LIQUITECH Mark and to take competitive advantage of LiquiTech, and thus constitutes willful infringement of the LIQUITECH Mark. LiquiTech will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

25. LiquiTech has not authorized Defendant's use of the LIQUITECH Mark. Moreover, LiquiTech has no control over the quality of the products or services provided by Defendant in association with the use of the LIQUITECH Mark. Thus, LiquiTech's valuable goodwill embodied in the LIQUITECH Mark is at the mercy of Defendant's unauthorized use of the LIQUITECH Mark.

26. Defendant's identified acts have caused and, unless and until such acts are restrained and enjoined by this Court, will continue to cause great and irreparable injury to LiquiTech.

27. LiquiTech has no adequate remedy at law for the wrongful acts of the Defendant.

28. As a result of Defendant's actions, LiquiTech has suffered, and will continue to suffer, damages in an amount to be proven at trial.

## COUNT II
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a))

29. LiquiTech incorporates by reference paragraphs 1 through 28 of this Complaint.

30. The previously identified acts of the Defendant constitute the use in commerce of a name, and of false designations of origin and false or misleading descriptions and representations associated with LiquiTech's registered and/or common law trademarks or service marks, all in violation of 15 U.S.C. § 1125(a).

31. Defendant's acts have caused and, unless and until such acts are restrained and enjoined by this Court, will continue to cause great and irreparable injury to LiquiTech.

32. LiquiTech has no adequate remedy at law for the wrongful acts of the Defendant.

33. As a result of Defendant's actions, LiquiTech has suffered, and will continue to suffer, damages in an amount to be proven at trial.

## COUNT III
## DECEPTIVE TRADE PRACTICES
## (815 ILCS 510/1 et. seq.)

34. LiquiTech incorporates by reference paragraphs 1 through 33 of this Complaint.

35. Defendant's use of the LIQUITECH Mark in association with its products and services constitutes a deceptive trade practice in violation of 815 ILCS 510/2 et seq. because it:

(a) passes off Defendant's copper silver ionization products and related services as those of LiquiTech's;

(b) causes actual confusion and/or a likelihood of confusion or of misunderstanding, as to the source, sponsorship, approval or certification of Defendant's copper silver ionization products and related services; and/or

(c) causes actual confusion and/or a likelihood of confusion or of misunderstanding, as to the source of, affiliation, connection or association with, or certification of Defendant by LiquiTech.

36. Defendant's acts constitute deceptive trade practices in that those acts in trade and commerce use and employ practices set out in Section 2 of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, and/or constitute the use and/or employment of deception, fraud, false pretense, false promise, misrepresentation and/or the concealment, suppression and/or omission of a material fact, with an intent that others rely upon the concealment, suppression or omission of such material fact.

37. Defendant has willfully engaged in the above-identified deceptive trade practices. LiquiTech will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

38. Defendant's acts have caused and, unless and until such acts are restrained and enjoined by this Court, will continue to cause great and irreparable injury to LiquiTech.

39. Defendant's statutory violations and other wrongful acts have injured and will continue to injure LiquiTech, through a loss of customers, a dilution of goodwill, confusion and/or a likelihood of confusion among existing and potential customers, injury to LiquiTech's reputation, and diminution in the value of the LIQUITECH Mark.

40. Defendant has realized revenue and profits by virtue of its wrongful acts that they otherwise would not have obtained and to which they are not entitled. LiquiTech will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

41. LiquiTech has no adequate remedy at law for the wrongful actions of the Defendant.

42. As a result of Defendant's actions, LiquiTech has suffered, and will continue to suffer, damages in an amount to be proven at trial.

## COUNT IV
## CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES
### (815 ILCS 505/1 et. seq.)

43. LiquiTech incorporates by reference paragraphs 1 through 42 of this Complaint.

44. Defendant's use of the LIQUITECH Mark in association with its copper silver ionization products and related services constitutes a deceptive business practice in violation of 815 ILCS 505/2 et seq. because it:

(a) passes off Defendant's copper silver ionization products and related services as those of LiquiTech;

(b) causes actual confusion and/or a likelihood of confusion or of misunderstanding, as to the source, sponsorship, approval or certification of Defendant's copper silver ionization products and related services; and/or

(c) causes actual confusion and/or a likelihood of confusion or of misunderstanding, as to the source of, affiliation, connection or association with, or certification of Defendant by LiquiTech.

45. Defendant's wrongful acts stated above constitute deceptive business practices in in violation of 815 ILCS 505/2.

46. Defendant has willfully engaged in the identified deceptive business practices. LiquiTech will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

47. Defendant's identified acts have caused and, unless and until such acts are restrained and enjoined by this Court, will continue to cause great and irreparable injury to LiquiTech.

48. Defendant's statutory violations and other wrongful acts have injured and continue to injure LiquiTech, through a loss of customers, a dilution of goodwill, confusion and/or a likelihood of confusion amongst existing and potential customers, injury to LiquiTech's reputation, and diminution in the value of LiquiTech's trademarks.

49. Defendant has realized revenue and profits by virtue of its wrongful acts that it otherwise would not have obtained and to which it is not entitled. LiquiTech will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

50. LiquiTech has no adequate remedy at law for the wrongful actions of Defendant.

51. As a result of Defendant's actions, LiquiTech has suffered, and will continue to suffer, damages in an amount to be proven at trial.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

52. LiquiTech incorporates by reference paragraphs 1 through 50 of this Complaint.

53. Defendant's use of the LIQUITECH Mark is being done with the intent to palm off Defendant's copper silver ionization products and related services as originating or emanating from, or having the sponsorship, affiliation or approval of, LiquiTech, in order to trade on the goodwill created by LiquiTech in the LIQUITECH Mark.

54. Defendant's unauthorized use of the LIQUITECH Mark constitutes the common law tort of unfair competition.

55. The identified acts of the Defendant constitute the provision and passing off of its copper silver ionization products and related services as LiquiTech's products and services, as well as the infringement, imitation, and misappropriation of LiquiTech's trademarks, together with unfair competition with LiquiTech, all in violation of LiquiTech's rights at common law.

56. Defendant's identifed acts have caused and, unless and until such acts are restrained and enjoined by this Court, will continue to cause, great and irreparable injury to LiquiTech.

57. LiquiTech has no adequate remedy at law for the wrongful acts of the Defendant.

58. Defendant's wrongful conduct is oppressive, fraudulent, malicious and willful, entitling LiquiTech to an award of punitive damages and/or attorneys' fees. LiquiTech will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

**PRAYER FOR RELIEF**

Plaintiff LiquiTech prays for judgment against the Defendant as follows:

1. That Defendant and its agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with them, or any of its successors or assigns, be both preliminarily and permanently enjoined from directly or indirectly:

   a. using the LIQUITECH Mark, or any reproduction, counterfeit, copy, or colorable imitation of same, in connection with the provision of copper silver ionization products and related services;

   b. using LiquiTech's Mark, or any other design or trademark that is confusingly similar to the LiquiTech's Mark, in any manner likely to cause others to believe that

Defendant's copper silver ionization products and related services products are endorsed or sponsored by or affiliated with LiquiTech; and

c.using any search engine search and/or advertising words and/or terms associated with the LIQUITECH Mark, or that is confusingly similar to the LIQUITECH Mark.

2.That Defendant be required to account to LiquiTech for Defendant's sales and profits from its sale of copper silver ionization products and related services as a result of its unauthorized use of the LIQUITECH Mark, and for any sum in addition to that amount that the Court and/or jury awards.

3.That Defendant is required to disgorge its profits and other ill-gotten gains resulting from its wrongful conduct.

4.That LiquiTech be awarded punitive damages in view of Defendant's wanton and deliberate illegal acts committed with oppression, fraud, or malice.

5.That this case be found exceptional and that LiquiTech be awarded its attorney's fees pursuant to 15 U.S.C. § 1117(a).

6.That LiquiTech recover all taxable costs of this action, including reasonable attorney's fees and both pre- and post-judgment interest.

7.That LiquiTech be awarded such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff LiquiTech demands a jury trial on all issues triable by a jury.


Dated:  November 23, 2015         By:     /s/ *Jordan A. Sigale*
                                         Jordan A. Sigale, (ARDC No. 6210047)
                                         DUNLAP CODDING PC
                                         222 Merchandise Mart Plaza, Suite 1225
                                         Chicago, IL  60654
                                         Telephone: (312) 651-6744
                                         Facsimile:  (312) 546-6284
                                         jsigale@dunlapcodding.com
                                         ***Attorneys for Plaintiff Liquitech, Inc.***